90 F.3d 591
 319 U.S.App.D.C. 368
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Donald Ray JEWELL, Appellant.
 No. 94-3157.
 United States Court of Appeals, District of Columbia Circuit.
 July 8, 1996.
 
 Before: WALD, WILLIAMS, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 MEMORANDUM
 
 4
 The district court did not commit plain error in admitting evidence regarding appellant's past incarceration for bank robbery or his plans to commit a future bank robbery. See United States v. Clark, 24 F.3d 257, 266 (D.C.Cir.1994). Even if this evidence constituted "other crimes" evidence, which we do not believe it did, it was admissible under Fed.R.Evid. 404(b). Further, admission of testimony that appellant claims implicated his right not to testify did not constitute plain error. The language in question was not of such character that the jury would naturally and necessarily have taken it to be a comment on appellant's failure to testify. United States v. Monaghan, 741 F.2d 1434, 1438 (D.C.Cir.1984), cert. denied, 470 U.S. 1085 (1985). In light of the other evidence supporting conviction, appellant has not shown the prejudice required to support a finding of plain error. See Clark, 24 F.3d at 266. Finally, appellant has failed to show that his trial counsel's performance was deficient, or that any alleged deficiency prejudiced appellant's defense. See Strickland v. Washington, 466 U.S. 668 (1984).